The Honorable Evelyn Ammons State Representative P.O. Box 1005 Waldron, AR 72958-1005
Dear Representative Ammons:
You have requested an Attorney General opinion concerning the use of funds in an account allocated for retirement benefits for municipal clerks and judges.
You state that Scott County has over $100,000.00 in a retirement account for municipal clerks and judges. It is my understanding that this account was created pursuant to A.C.A. § 24-8-303 (now repealed), through ordinances passed by the Scott County Quorum Court and the Waldron City Council. You indicate that all of the persons who could possibly be eligible for retirement benefits paid from this fund have stated that they do not wish to be paid from this account, or that they are not eligible.
Accordingly, on behalf of the City of Waldron, you have asked:
 How and where can the money in this account be transferred, and what can it be used for?
RESPONSE
It is my opinion that if indeed the account in question was created pursuant to A.C.A. § 24-8-303 (repealed), the use of the funds in the account will be governed by the provisions of A.C.A. § 24-8-302(c).
A.C.A. § 24-8-303 established a fund to be used for retirement benefits for municipal clerks and judges. Funding for this account was to come from certain court-related fees, approved by the city council and the county quorum court.[1] The fund is to be administered by a board of trustees, established by A.C.A. § 24-8-302(a).[2] That section also addresses the manner in which excess funds are to be handled.
More specifically, A.C.A. § 24-8-302 states:
 (a) There is created in cities of the first or second class a board of trustees which shall consist of the mayor, city clerk, city treasurer, city health officer, and municipal judges of the city.
 (b) The board shall receive and administer the funds collected under the provisions of this subchapter and shall have the power to make necessary rules therefor.
 (c)(1) The board shall have the authority to invest such funds as are not necessary for immediate use for payment of retirement benefits in interest-bearing securities of the State of Arkansas or certificates of the United States or any or all such securities.
 (2) Subject to subdivision (c)(3) of this section, a city having a municipal judges' and clerks' pension plan with assets in excess of one hundred thousand dollars ($100,000) shall have full power to invest and reinvest the moneys of the plan and to hold, purchase, sell, assign, transfer, or dispose of any of the investments so made, as well as the proceeds of the investments and moneys. Such authority shall be implemented by the mayor and the city treasurer.
 (3) The investments and reinvestments shall be made only in accordance with the prudent investor rule set forth in §§ 24-3-417—24-3-426.
 (4) A city having a municipal judges' and clerks' pension plan with assets in excess of one hundred thousand dollars ($100,000) may employ an investment advisor as its agent to make investment recommendations and to invest the assets pursuant to a written board investment policy, subject to the terms, conditions, limitations, and restrictions imposed by law upon investments of state retirement systems, as set forth in §§ 24-3-417—24-3-426.
 (5) The investment policy shall not limit the investments to interest-bearing bonds.
 (6) A city, mayor, or city treasurer who complies with the requirements of § 24-3-425(a) is not liable to the beneficiaries or to the trust for the decisions or actions of the agent to whom the function was delegated.
 (7) By accepting the delegation of a trust function from the trustees of a trust that is subject to the law of this state, an agent submits to the jurisdiction of the courts of this state.
 (d)(1) The city treasurer shall be the treasurer of the board. At the direction of the board, he shall deposit the funds paid into the board in some suitable depository and shall draw and sign all necessary checks at the direction of the board.
 (2) He shall execute a bond in a sum fixed by the board to guarantee his good faith in the handling of the funds coming into his hands under the provisions of this subchapter.
(e) The city clerk shall be the secretary of the board.
 (f) The board shall constitute one of its members as chairman, who shall serve for a period of two (2) years.
 (g) Meetings of the board may be called by the chair or by a majority of the members in a manner established by the board.
 (h)(1) The city clerk shall receive the sum of ten dollars ($10.00) for each and every meeting attended but shall not be paid more than fifty dollars ($50.00) in any one (1) year.
(2) All other members shall serve without pay.
A.C.A. § 24-8-302.
The language of the above-quoted statute is not ambiguous. The board of trustees for the municipal judges' and clerks' retirement fund has the authority to invest all funds in the account, in accordance with the restrictions imposed by A.C.A. § 24-3-417 through A.C.A. § 24-3-426, which deal generally with the investment of state retirement assets, and in accordance with the policy established by the board of trustees pursuant to A.C.A. § 24-8-302.
A question may arise as to why the funds in this account may not be transferred to be used for another purpose, given that there are no current eligible recipients. The fact that the statute places such explicit limitations on the use of these monies indicates that the legislature intended to preserve the monies in this fund for use by future eligible clerks and judges. See Op. Att'y Gen. No. 94-350.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] This statutory section was repealed by Acts 1995, No. 1256, § 20, as amended by Acts 1995 (1st Ex. Sess.), No. 13, § 4, and was replaced by the city administration of justice fund, described in A.C.A. §16-10-308. In 1997, the General Assembly passed Act 571, which addressed funds established under the now-repealed A.C.A. § 24-8-303. Pursuant toAct 571 of 1997 (the pertinent part of which is codified at A.C.A. §24-8-317), the sources and collection of monies in the municipal judges' and clerks' retirement fund are now to be governed by the rules that apply to the sources and collection of monies for the city administration of justice fund, as set forth in A.C.A. § 16-10-308.
[2] Although it is not entirely clear, you seem to indicate that the account in question is currently controlled by the county. Under the provisions of A.C.A. § 24-8-302, the board of trustees for the fund has the authority to control the account.